UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPM THERMO-SHIELD, INC.,

       Plaintiff,

v.                              Case No:   2:16-cv-116-FtM-99CM

SICC GMBH and WALDEMAR
WALCZOK,

       Defendants.

_____/

## ORDER[1]

     This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #14) filed on May 19, 2016.  Plaintiff filed a Response in Opposition (Doc. #21) on June 8, 2016.  Plaintiff filed a Motion to Transfer Case, Alternative Motion to Stay Case, and for Hearing (Doc. #18) on June 2, 2016, to which Defendants responded (Doc. #22) on June 16, 2016.

     On February 10, 2016, Plaintiff SPM Thermo-Shield, Inc. ("SPM") initiated the instant action, filing a nine (9) count Complaint (Doc. #1) against Defendants SICC GmbH and Waldemar Walczok (both German citizens), alleging that Defendants impermissibly used test results, certifications, photographs, and other materials belonging to Plaintiff to advertise and market SICC's products ("2016 case").  Roughly three months prior, SPM had filed an identical Amended Complaint in this Court against the same parties alleging

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the same nine (9) counts in *SPM Thermo-Shield, Inc. v. SICC, GmbH and Waldemar Walczok*, case no. 2:15-cv-439-FtM-29CM (Nov. 27, 2015) ("2015 case").

The parties do not contest that the 2015 case and the instant case are identical. With two identical actions pending against the same Defendants, Defendants ask the Court to dismiss the 2016 action as duplicative, among other arguments for dismissal. Plaintiff opposes the request, arguing that it has no viable alternative forum given that service has not yet been effectuated in the 2015 case and Defendants plan to oppose an extension of time for service in that case to occur.  However, this argument is now moot because since its opposition to the instant Motion to Dismiss, Defendants have now accepted service and filed an Answer and Affirmative Defenses in the 2015 case. Because Plaintiff has a viable alternative forum to pursue relief under its Complaint in an identical case, the Court finds that dismissal of the instant case is the appropriate course of action.  *See Hickmon v. Sec'y, Dept. of Corrections*, No. 6:07-cv-114-Orl-19KRS, 2007 WL 2010801, at *1 (M.D. Fla. July 6, 2007).  The Court makes no determination at this time as to any other arguments for dismissal raised in Defendants' Motion to Dismiss, which Defendants may reassert in the 2015 action if they wish.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #14) is **GRANTED** to the extent that this case is dismissed as duplicative of *SPM Thermo-Shield, Inc. v. SICC, GmbH and Waldemar Walczok*, case no. 2:15-cv-439-FtM-29CM.  The Clerk is directed to **CLOSE THE FILE**.

2. Plaintiff's Motion to Transfer Case, Alternative Motion to Stay Case, and for Hearing (Doc. #18) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record